# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**



CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

August 10, 2018

*By the Court*:[1]

Nos. 17-2991 & 18-2649

| | |
|---|---|
| CITY OF CHICAGO,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>JEFFERSON B. SESSIONS, III, Attorney General of the United States,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois.<br><br>No. 17-cv-5720<br><br>**Harry D. Leinenweber**, *Judge*. |

### O R D E R

    Before the court are the following motions: Motion filed by the City of Chicago to dismiss Case No. 17-2991; Motion filed by the City of Chicago to suspend briefing in Case No. 18-2649; Motion filed by the Attorney General to consolidate the appeals in Nos. 18-2649 and 17-2991; and Petition by the Attorney General for Partial Initial Hearing En Banc in No. 18-2649.

    In *City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018) (No. 17-2991), a panel of this court decided an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) from the district court's decision to grant a nationwide preliminary injunction protecting Chicago's "Welcoming City" ordinance—and, in effect, similar ordinances across the country. On June 4, 2018, the *en banc* court decided to hear the Attorney General's appeal from that decision. The grant of *en banc* review was expressly limited to the nationwide scope of the preliminary injunction, because the government did not seek *en banc* review of our decision on the merits. We later stayed the preliminary injunction pending *en banc* review, but only insofar as the injunction covers geographic areas beyond the City of

---

[1] For purposes of Appeal No. 17-2991, Circuit Judges Bauer and Manion are members of the *en banc* court, pursuant to 28 U.S.C. § 46(c). For purposes of Appeal No. 18-2649, no senior judges are participating. Circuit Judge Flaum did not participate in either appeal.

Chicago.

As is always the case with appellate review of interlocutory orders, there was a risk that proceedings in the district court would have an impact on the appeal. That is what has happened here. In a Memorandum Opinion and Order issued on July 27, 2018, the district court granted the City's motion for summary judgment on Counts I and II, and denied the Attorney General's motion to dismiss those counts, as well as Count IV. In accordance with this decision, the district court announced its intention to enter a permanent nationwide injunction. The district court explained, however, that it would stay the nationwide effect of that injunction pending appeal.

The underlying litigation centers on three conditions ("the Conditions") that the Attorney General announced he planned to impose upon recipients of grants under the Edward Byrne Memorial Justice Assistance program ("the Byrne JAG grant"). Those conditions are referred to in our panel's vacated opinion as the "notice," "access," and "compliance" conditions. See 888 F.3d at 278. Only the notice and access conditions were before the panel on appeal. Counts I and II alleged that these Conditions were unlawful because the governing legislation did not delegate the power to the Attorney General to impose them, and that his action therefore failed to respect the separation-of-powers principles reflected in the Constitution. Count IV alleged that, independent of the Byrne JAG grant, the Attorney General's interpretation of 8 U.S.C. § 1373 amounted to impermissible commandeering of state and local law enforcement resources and was thus unconstitutional.

The panel opinion discussed both the merits of the Conditions and the nationwide scope of the preliminary injunction that the district court issued pending its consideration of the remainder of the case. It held that the City was likely to succeed on the merits of its separation-of-powers arguments and that the district court's decision to issue an injunction of nationwide scope was not an abuse of discretion. Judge Manion dissented from the latter holding. 888 F.3d at 295. The Attorney General then filed a limited petition for rehearing *en banc* challenging only the nationwide scope of the injunction, which—as noted above—we granted.

Now, however, the preliminary injunction has all but evaporated. Although the district court has yet to enter a formal injunction complying with the dictates of Federal Rule of Civil Procedure 65, it issued a memorandum opinion "order[ing] a permanent nationwide injunction as to all three Conditions, consistent with the Court's earlier ruling enjoining the Attorney General from imposing the Notice and Access Conditions nationwide." In recognition of our stay of the nationwide aspect of the preliminary injunction, the district court announced that it will "stay[] the nationwide scope of the

permanent injunction in the same fashion."

The district court's opinion announcing its intent to impose a permanent injunction prompted the parties to file the numerous motions referenced above. The City has moved to dismiss the appeal in Case No. 17-2991, which is now scheduled to be reheard *en banc* on September 6, 2018. The Attorney General, on the other hand, has filed a new appeal, Case No. 18-2649, from the district court's most recent order and asks us to consolidate the two appeals. In the alternative, the Attorney General has filed a "Petition for Partial Initial Hearing En Banc," in which he asks us to sever the decision on the permanent injunction from the remainder of the district court's opinion and to take up only that issue (recognizing for this purpose that no panel has ever ruled on the district court's order of July 27, 2018).

We have concluded that a somewhat different course of proceedings is necessary here. The district court has not quite finished with the case now before us under No. 18-2649, because it has not complied with Federal Rule of Civil Procedure 65's requirements for a permanent injunction. That rule requires a separate document setting forth the terms of such an injunction, so that the precise scope of the injunction will be clear. (This is essential because injunctions are enforceable through contempt proceedings.) Once the district court has taken that action, it can enter a final judgment pursuant to Federal Rule of Civil Procedure 58, and the Attorney General will be free to take an appeal from all aspects of the final judgment. Furthermore, as soon as the Rule 65 permanent injunction is entered, appeal No. 17-2991 must be dismissed, because the preliminary injunction will no longer have any force. The dismissal of appeal No. 17-2991 will not have any immediate effect on the parties' positions, because the nationwide injunction will remain stayed by this court's order until No. 17-2991 is dismissed, and after the Rule 65 permanent injunction is entered, the nationwide effect of the new injunction will remain stayed until further order of this court pursuant to the district court's stay.

Rather than take the highly unusual step of allowing piecemeal appeals, see *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (noting the "historic federal policy against piecemeal appeals"), we hereby **VACATE** our decision to rehear No. 17-2991 *en banc* on September 6, 2018. The stay of the preliminary injunction in No. 17-2991 will remain in effect until the district court issues a proper Rule 65 injunction; accordingly, we **DENY** the City's motion to dismiss No. 17-2991 as moot. We **DENY** the Attorney General's motion for initial partial hearing *en banc* of No. 18-2649 and we **DISMISS** that appeal because of the lack of a final judgment. Because we are dismissing the appeal in No. 18-2649, we **DENY** the Attorney General's request to consolidate those appeals. Our denial of the motion for initial partial hearing *en banc* is without prejudice to the Attorney General's ability to file another

Nos. 17-2991 & 18-2649 Page 4

appeal once the district court has issued a final judgment. The court is prepared to expedite its consideration of any such appeal, if and when one is filed. Any further details about the way in which the appeal will be handled will be resolved at the time. In light of the above rulings, the City's motion to suspend further briefing is **DENIED**.